UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SYLVER,

    Plaintiff,

v.

                                      Case No. 07-11636

                                      Honorable Patrick J. Duggan

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, formerly BANK ONE,
N.A., a National Association,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION TO REMAND

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 9, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                          U.S. DISTRICT COURT JUDGE

On March 9, 2007, Mark Sylver ("Plaintiff") filed this lawsuit against JP Morgan

Chase Bank, National Association ("Defendant") in Macomb County Circuit Court.

Plaintiff's action arises out of a mortgage refinance transaction between Plaintiff, as

mortgagor, and Defendant, as mortgagee. In his Complaint, Plaintiff asserts the following

counts: Count I (Constructive Fraud); Count II (Negligent Misrepresentation); Count III

(Innocent Misrepresentation); and Count IV (Repondeat [sic] Superior). Specifically,

Plaintiff claims that Defendant fraudulently overvalued or misrepresented the value of the

mortgaged property, and as a consequence, Plaintiff is now unable to refinance or sell the mortgaged property. (*See* Compl. ¶¶ 8-17, 21-27, 29-32.)

On April 12, 2007, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446(b) claiming that this Court has diversity jurisdiction. Presently before this Court is Plaintiff's motion to remand to state court and for attorney fees pursuant to 28 U.S.C. § 1447(c), which was filed on May 8, 2007. Defendant filed a response to Plaintiff's motion to remand on May 29, 2007. On June 28, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on Plaintiff's motion. *See* E.D. Mich. LR 7.1(e)(2).

**I.    Background**

On March 13, 2004, Plaintiff obtained a loan in the amount of $114,101.00 from Defendant.[1] The loan was secured by a mortgage on real property located in Eastpointe, Michigan. Plaintiff alleges that Defendant's employees "falsified the square footage of Plaintiff's home, the number of bedrooms in Plaintiff's home and the size of Plaintiff's garage, in order to improperly inflate the value of Plaintiff's home []." (Compl. ¶ 12.) Plaintiff contends that he "was told his new mortgage was about 76% loan to value" and that he relied on this statement in entering into the mortgage refinance transaction. (Docket No. 8, Pl.'s Signed Statement ¶ 4.) As a result, Plaintiff argues that he "is trapped with a mortgage that exceeds the value of the home by approximately

---

[1]According to a Disclosure Statement attached to Defendant's Response, $111,936.40 of the loan was paid to Plaintiff's creditors and $2,051.60 was disbursed directly to Plaintiff. (Dft.'s Resp., Ex. B.)

$35,000.00." (Pl.'s Mot. to Remand at 3.)

Scattered throughout Plaintiff's Complaint are various types of damages and requested relief, including: "years of lost benefits;" "an over inflated value of his residence, a mortgage far in excess of the value of his residence, an inability to sell or refinance, additional costs, tax obligations and related penalties and interest, and legal fees;" "the benefit of appreciation;" and "lost freedoms." (Compl. ¶¶ 17, 27, 32.) In the closing paragraphs of his Complaint, Plaintiff also requests the following relief:

>  A. A judgment in favor of Plaintiff against Defendant Bank for economic damages in an amount in excess of $25,000.00 or whatever amount that Plaintiff is found to be entitled, together with costs, attorney fees, and interest.
>  B. That Defendant Bank, without any cost to Plaintiff, refinance or modify Plaintiff's existing mortgage to reflect the appropriate home value in order to correct the current inflated mortgage resulting from the wrongfully inflated value. OR
>  C. That Defendant Bank pay pecuniary damages to the Plaintiff in an amount that represents the difference between the actual value of the property on the date of closing and as the value was represented by the Defendant Bank employees on the same date.

(Compl. at 6.) On the same day Plaintiff filed his motion to remand, he submitted a Signed Statement Pursuant to Local Rule 81.1(d)[2] ("Signed Statement"). In his Signed

---

[2]Eastern District of Michigan Local Rule 81.1(d) states:
> If a plaintiff moves to remand, contending that the amount in controversy does not exceed the required jurisdictional amount, the plaintiff must include with the motion a signed statement of damages claimed, itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate.

Statement, Plaintiff calculates his damages in the following manner:

> The difference absent defendant employees [sic] valuation
> error based on a 76% loan to value is a [sic] follows:
> $114,101.00 excessive current mortgage based on erroneous
> value of $150,000
> Minus $79,800.00 as mortgage should have been w/ a correct
> value of $105,000
> $34,301.00 The amount of reduction Plaintiff claims
> Defendant owes.

(Signed Statement at 2 (emphasis in original).)[3] Plaintiff also notes that these damages "are currently speculative." (*Id.*)

## II. Standard of Review

Generally, a civil action brought in a state court can be removed by a defendant to a federal court if it could have been brought there originally. 28 U.S.C. § 1441. Federal district courts have original diversity jurisdiction when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. Gen. Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

To satisfy this burden a defendant must prove, "by a preponderance of the evidence," that it is "more likely than not" that the sum or value of plaintiff's claims exceed the $75,000 jurisdictional minimum. *Id.* at 158. This "does not place upon the

---

[3]Defendant contends that Plaintiff's calculation is inconsistent other values listed in the Signed Statement. (Resp. at 3 n.2.) Defendant argues that at Paragraph 6 of his Signed Statement, Plaintiff states that the actual value of his home is $95,000.00. Thus, according to Defendant, the difference in value would be $41,901.00, not $34,301.00. Regardless, for the reasons stated below, this Court does not believe that Plaintiff's Signed Statement is dispositive for the purposes of resolving the present motion.

defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages." *Id.* at 159. The defendant, however, must do more than "prove that the amount in controversy 'may' meet the federal requirement . . . ." *Id.*

Local Rule 81.1 also applies "to actions removed on the basis of diversity of citizenship in which the complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332." E.D. Mich. LR 81.1(a). Local Rule 81.1(b) states:

> The removing defendant must:
> (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and
> (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation or state that the removing defendant has no such facts at that time.

E.D. Mich. LR 81.1(b).

## III. Analysis

In his motion to remand, Plaintiff does not dispute that the parties are citizens of different states. Rather, Plaintiff argues that Defendant cannot satisfy its burden in proving that Plaintiff's claims exceed $75,000.00. Specifically, Plaintiff contends that Defendant's conclusory allegation that Plaintiff has refused to stipulate that his damages would not exceed the $75,000.00 is insufficient to satisfy Defendant's burden on removal.

In response, Defendant argues that Plaintiff's Signed Statement fails to comply with Local Rule 81.1(d), and thus, it is not dispositive. Defendant further contends that

although it appears that Plaintiff is seeking a reformation of his existing mortgage and note, Plaintiff would not be able to satisfy the necessary elements to reform a written instrument. Thus, according to Defendant, the entire amount of the loan is the amount in controversy.

First, this Court agrees that Plaintiff's Signed Statement does not comply with Rule 81.1(d)'s express requirements. Despite acknowledging that "[i]f [he] is successful [sic] proving a claim of constructive fraud and can show intent or malice by defendant employees, damages may increase," (Pl.'s Mot. Remand at 3), Plaintiff's Signed Statement does not itemize or estimate the maximum amount of damages he is seeking for these claims. *See* E.D. Mich. LR 81.1(d). Furthermore, Plaintiff's Signed Statement fails to itemize or estimate other "categories" of damages that he requests in his Complaint, such as "years of lost benefits," "lost freedoms," "additional costs, tax obligations and related penalties and interest, and legal fees incurred," pecuniary damages, the "benefit of appreciation," and other such relief the Court deems warranted." (Compl. ¶¶ 4,17, 27, 32 and pg. 6.) Thus, the Court does not believe that the damage calculation in Plaintiff's Signed Statement is dispositive for purposes of resolving the present motion.

Second, contrary to Plaintiff's assertion, Defendant has provided specific reasons in alleging that the amount in controversy exceeds the jurisdictional minimum. In its Notice of Removal, Defendant lists the following damages and relief requested in Plaintiff's Complaint:

> Economic damages in an amount in excess of $25,000;
> refinance or modification of his existing mortgage at no cost
> to Plaintiff; "years of lost benefits"; "lost freedoms";

> "additional costs, tax obligations and related penalties and interest, and legal fees incurred"; pecuniary damages; and "other such relief the Court deems warranted."

(Notice of Removal ¶ 7 (citing Compl. ¶¶ 4, 17, 27, 32).) Furthermore, in its response brief, to which Plaintiff has not replied, Defendant contends that while Plaintiff's Complaint could be read to seek reformation of the mortgage,[4] Plaintiff would be unable to prove that "there was a valid agreement between the parties expressing their real intentions," a necessary element of reformation of a written instrument. (Resp. at 6 (quoting *Nichols v. Shelard Nat'l Bank*, 294 N.W. 2d 730, 734 (Minn. 1980).) Thus, according to Defendant, Plaintiff can only be seeking a rescission of the mortgage and the note, and if the mortgage and note were rescinded, the entire amount of the loan, i.e. $114,101.00, would be the amount in controversy. *Rosen v. Chrysler Corporation*, 205 F.3d 918, 921 (6th Cir. 2000)(stating that "in cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy").

In conclusion, because Defendant has provided specific reasons in its Notice of Removal and response brief as to why it believed, at the time of removal, that the sum or value of Plaintiff's claims exceed $75,000.00, this Court is satisfied that at this stage in the proceedings, Defendant has met its burden. *See Asciutto v. Allied Waste Sys., Inc.*, 05-72243, 2005 U.S. Dist. LEXIS 33512, at * 4-6 (E.D. Mich. Sep. 2, 2005)(holding that defendant met its burden based on the uncertainty of the plaintiff and the fact that the

---

[4]As stated above, in the closing paragraphs of Plaintiff's Complaint, he requests "[t]hat Defendant Bank, without any cost to Plaintiff, refinance or modify Plaintiff's existing mortgage to reflect the appropriate home value in order to correct the current inflated mortgage resulting from the wrongfully inflated value." (Compl. at 6.)

7

defendant pled specific facts in its notice of removal showing that the plaintiff's claims exceeded the jurisdictional minimum). Consequently, the Court need not address Plaintiff's request for attorney fees pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
David C. Brunell, Esq.
Brian M. Moore, Esq.
Joseph H. Hickey, Esq.